UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| UNITED STATES OF AMERICA,<br><br>v.<br><br>DEREK COOPER GUNBY,<br><br>Defendant. | Criminal No. 21-cr-626<br><br>**DEFENDANT GUNBY'S MOTION TO DISMISS ONE OF TWO "DISORDERLY CONDUCT" COUNTS DUE TO MULTIPLICITY** |
|---|---|

COMES NOW Defendant Derek Cooper Gunby ("Gunby"), by and through undersigned counsel John Pierce, with this Motion to dismiss one of two "disorderly conduct" counts on grounds of multiplicity.

In the alternative, Gunby moves for the Court to combine counts two and three into a single count, as one is simply a lesser-included offense of the other.

Gunby is charged by information with violations of both 18 U.S.C. § 1752(a)(2) ("Disorderly and Disruptive Conduct in a Restricted Building or Grounds," "with intent to impede or disrupt the orderly conduct of Government business or official functions" where "such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions")

And; 40 U.S.C. § 5104(e)(2)(D) (uttering loud, threatening, or abusive language, or engaging in disorderly or disruptive conduct, at any place in the

Grounds or in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress . . .").

These two counts invoke different statutes which criminalize the identical conduct. Accordingly, conviction on both counts for the same conduct will violate the double jeopardy clause.

## INTRODUCTION

Count 2 alleges that Gunby knowingly, and with intent to impede and disrupt the orderly conduct of Government business and official functions, engaged in disorderly and disruptive conduct in, and within such proximity to the United States Capitol, a restricted building, when, and so that, such conduct did in fact impede and disrupt the orderly conduct of Government business and official functions in violation of 18 U.S.C. § 1752(a)(2)).

Count 3 is essentially a repeat of Count 2, but invokes a different statute. It alleges that on January 6, Gunby willfully and knowingly engaged in disorderly and disruptive conduct at any place in the Grounds or in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress in violation of 40 U.S.C. § 5104(e)(2)(D)).

Plainly, Count 2 and Count 3 allege the precise same conduct by Gunby, with no significant distinctions. The two statutes have different origins; with one

pertaining to crimes at the Capitol and one pertaining more broadly-defined "disorderly conduct" which disrupts "Government business." But with the exception of the differing origins of the statutes, the two charges are essentially one.

(If there is any difference at all, it is only that Count 2 alleges that Gunby's conduct "did in fact" "impede and disrupt the orderly conduct of Government business and official functions" whereas Count 3 appears to have no allegation of Gunby having "in fact" impeded or disrupted Congress. Even if so, this means that Count 3 is simply a lesser-included-offense of Count 2 rather than a separate and distinct crime.

Since Count 2 charges the same conduct as Count 3, convictions for both these counts would violate the Double Jeopardy Clause of the U.S. Constitution. Moreover the unnecessary multiplication of counts will prejudice a judge or jury against Gunby.

Multiplicity arises when "an indictment charges the same offense in more than one count." *United States v. Mahdi*, 598 F.3d 883, 887 (D.C. Cir. 2010), quoting *United States v. Weathers*, 186 F.3d 948, 951 (D.C. Cir. 1999). The Double Jeopardy Clause of the Constitution protects against "multiple punishments for the same offense." *Weathers*, 186 F.3d at 951, *cert. denied*, 529 U.S. 1005 (2000); U.S. Const. amend. V, cl. 2. Also, courts have recognized that charging the

same offense in multiple counts can "unfairly increas[e] a defendant's exposure to criminal sanctions" because a jury may conclude that given the number of charges, the defendant must be guilty of something. *United States v. Clarke*, 24 F.3d 257, 261 (D.C. Cir. 1994), quoting *United States v. Harris*, 959 F.2d 246, 250 (D.C. Cir. 1992), abrogated on other grounds, *United States v. Stewart*, 246 F.3d 728 (D.C. Cir. 2001); see also *United States v. Morrow*, 102 F. Supp. 3d 232, 246 (D.D.C. 2015) (multiplicitous charges may suggest to a jury "that a defendant has committed not one but several crimes"), quoting *United States v. Reed*, 639 F.2d 896, 904 (2d Cir. 1981); *United States v. Phillips*, 962 F. Supp. 200, 202 (D.D.C. 1997).

If Gunby is convicted of Count 2, she will obviously be guilty of Count 3. In the words of the Supreme Court, the inquiry turns on whether proof of one of "necessarily includes proof of" the other. *Ball v. United States*, 470 U.S. 856, 862 (1985).

The counts of Gunby's indictment expose her to double jeopardy for the same alleged act. The Double Jeopardy Clause protects criminal defendants against both successive punishments and prosecutions for the same criminal offense. *United States v. Dixon*, 509 U.S. 688, 696 (1993) (citing *North Carolina v. Pearce*, 395 U.S. 711 (1969)); see also *United States v. Davenport*, 519 F.3d 940, 943 (9th Cir. 2008); *United States v Mancuso*, 718 F.3d 780, 791 (9th Cir. 2013).  When

two different criminal statutes are violated, "the double jeopardy prohibition is implicated when both statutes prohibit the same offense or when one offense is a lesser included offense of the other." *Rutledge v. United States*, 517 U.S. 292, 297 (1996)).

COULD THE GOVERNMENT PROSECUTE THESE COUNTS IN SUBSEQUENT TRIALS IF THE COUNTS WERE SEPARATED?

Another way to analyze this is to ask if the government could later charge Gunby with "disorderly conduct" which impedes official government business if she were first acquitted at a trial for "disorderly conduct" with the intent to impede Congress.

Any court would obviously bar such a prosecution as double jeopardy. ACCORDINGLY, Gunby moves to dismiss either count 2 or count 3, or—in the alternative—to require that one is merely the lesser-included-offense of the other. Gunby cannot constitutionally be punished for two separate crimes in this manner.

Dated: October 7, 2022              Respectfully Submitted,

                                    John M. Pierce
                                    21550 Oxnard Street
                                    3rd Floor, PMB #172
                                    Woodland Hills, CA 91367
                                    Tel: (213) 400-0725
                                    Email: jpierce@johnpiercelaw.com
                                    *Attorney for Defendant*

CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify and attest that on October 7, 2022, I caused this document to be uploaded and filed in this case, using the electronic filing system established by the Court.  By doing so, I automatically served the document to counsel for the United States.

                                                <u>/s/ John M. Pierce</u>
                                                John M. Pierce