UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 21-cr-626-PLF |
| v. | : | |
| | : | |
| DEREK COOPER GUNBY, | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendant Derek Cooper Gunby moved to dismiss the Information for failure to state a claim or, in the alternative, to grant a hearing to determine whether probable cause exists as to the allegations in the Information. Because the Complaint, accompanying Statement of Facts, and Information all sufficiently allege a basis that Gunby violated four different misdemeanors by entering the Capitol Building on January 6, Gunby is not entitled to challenge the sufficiency of the evidence at this stage, and Gunby is not entitled to a probable cause hearing, the Motion to Dismiss (ECF No. 28) should be denied.

**BACKGROUND[1]**

At 1:00 p.m., on January 6, 2021, a joint session of the United States Congress, consisting of the House of Representatives and the Senate, convened in the Capitol Building. The Joint Session assembled to debate and certify the vote of the Electoral College of the 2020 Presidential Election. With the Joint Session underway and with Vice President Michael Richard Pence presiding, a large crowd gathered outside the U.S. Capitol. "The mob [ . . . ] scaled walls, smashed

---

[1] The facts in this section are taken from the Statement of Facts filed with the Criminal Complaint. *See* ECF No. 1-1.

1

through barricades, and shattered windows to gain access to the interior of the Capitol," with the first rioters entering shortly after 2:00 p.m. *Trump v. Thompson*, 20 F.4th 10, 10 (D.C. Cir. 2021).

Shortly thereafter, at approximately 2:20 p.m., members of the House and Senate, including the President of the Senate, Vice President Pence, were instructed to—and did—evacuate the chambers. The siege of the Capitol lasted for several hours and represented a violent attack that forced an interruption of Congress's certification of the 2020 Electoral College vote count, threatened the peaceful transfer of power after the 2020 Presidential election, injured more than one hundred police officers, and resulted in more than 2.7 million dollars in damage and losses. The siege of the U.S. Capitol on January 6, 2021, was "the most significant assault on the Capitol since the War of 1812." *Trump*, 20 F.4th at 18-19.

For his part, on January 6, 2021, Gunby posted photographs to his Facebook page showing himself in Washington, D.C. near the Capitol. He captioned one of his photographs with "Up at Zero Dark Thirty to stop this steal." Additional posts on his Facebook page show him at the "Stop the Steal" rally held on the Ellipse, in front of the Washington Monument, and on the Capitol Grounds. Open-source video and closed circuit television cameras (CCTV) show Gunby entering the Capitol through what is known as the Senate Parliamentarian Door. The CCTV video shows him walking down a hallway, and after a few minutes, he turns around and exits through the same door.

Later that day, Gunby posted a video to his Facebook page that shows him riding the Metro in Washington, D.C. During the video, Gunby stated, in part, the following:

> So yeah we went, we were in front of the White House earlier this morning, and then going into the afternoon, everyone headed down to the National Mall towards the Capitol. And we all pretty much surrounded the Capitol. We are at a point now in this country where they're going to listen to us. They have to listen to us. Your congressional leaders are not afraid of you. They are more afraid of

2

the Chinese Communist party. They're more afraid of left wing media. And they are more afraid of ANTIFA and Black Lives Matter than they are of the American patriot, the American conservative, the American libertarian. The person who is on the right side of the Constitution.

. . . .

The American patriot in this country has been, we've been saints. Saints. Because the capability of America, and Americans, especially if we were the kind of people that the media always portrays us to be, we can take this country back pretty quickly. We didn't bring weapons. Americans that came here for this event did not bring weapons. That's saying a lot considering how late it is in this game. How much they have tried to take from us, and we are still not taking up arms against our government, against the Capitol. So, we surrounded the Capitol today. Eventually tear gas started flying. They started shooting tear gas. I got, I'm still, my lips are still burning from it.

. . . .

They detonated, it was like a flash bang with a, they did a lot of flash bangs and things, and people stayed peaceful. I don't care what the media is telling you. The media told you that, that we terrorized anybody, that the American patriot, that the Trumps supporters, that the people that were here to protest the stealing of the votes, of the election in this country.

. . . .

Came a little closer to some nightsticks and rubber bullets than we wanted to. But, this was ultimately peaceful. I do believe that the Metro police here in Washington do understand the stark difference between Trump supporters, the patriots, what have you, than say ANTIFA, Black Lives Matter. The character is completely different. There couldn't be more of a stark difference in justification, and intent, and capability. If the American patriot wanted to storm this Capitol, take over this building, and take care of all of Congress in there, they could do it. They could do it.

. . . .

They just tried to steal this election right in front of everybody's face. And any of you, any of you, who are gonna sit there and look anybody in the face, and say that that didn't happen, that this

election fraud didn't happen, that we're making it up, that it's unsubstantiated, you need to wake up.

Based on his actions on January 6, 2021, Gunby is charged with violating 18 U.S.C. § 1752(a)(1), 18 U.S.C. § 1752(a)(2), 40 U.S.C. §5104(e)(2)(D), and 40 U.S.C. §5104(e)(2)(G).

## **LEGAL STANDARD**

A defendant may move before trial to dismiss an information, or a count thereof, for "failure to state an offense." *See* Fed. R. Crim. P. 12(b)(3)(B)(v). The main purpose of a charging document, such as an indictment or (as here) an information, is to inform the defendant of the nature of the accusation. *See United States v. Ballestas*, 795 F.3d 138, 148-149 (D.C. Cir. 2015) (discussing purpose of an indictment). Thus, an information need only contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). A charging document is sufficient under the Constitution and Federal Rule of Criminal Procedure 7 if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend," *Hamling v. United States*, 418 U.S. 87, 117 (1974), which may be accomplished by "echo[ing] the operative statutory text while also specifying the time and place of the offense," *United States v. Williamson*, 903 F.3d 124, 130 (D.C. Cir. 2018). "[T]he validity of an indictment 'is not a question of whether it could have been more definite and certain.'" *United States v. Verrusio*, 762 F.3d 1, 13 (D.C. Cir. 2014) (quoting *United States v. Debrow*, 346 U.S. 374, 378 (1953)). And a charging document need not inform a defendant "as to every means by which the prosecution hopes to prove that the crime was committed." *United States v. Haldeman*, 559 F.2d 31, 124 (D.C. Cir. 1976).

When assessing the sufficiency of criminal charges before trial, an information "must be viewed as a whole and the allegations [therein] must be accepted as true." *United States v. Bowdoin*, 770 F. Supp. 2d 142, 145 (D.D.C. 2011)). The "key question" is whether the allegations

4

"if proven, are sufficient to permit a petit jury to conclude that the defendant committed the criminal offense as charged." *Id*.

Judge Bates, in a recent memorandum opinion, recognized that there are two ways in which an information may fail to state an offense. First, "if the charged statutory provision is unconstitutional," and second, "if the offense charged does not apply to the defendant's conduct." *United States v. Nassif*, 21-CR-421, ECF No. 42, p. 3 (Sept. 12, 2022) (Bates, J.) (citations omitted).

# ARGUMENT

### A. *The Information adequately states an offense in all four counts*

Count One of the information alleges that, in violation of 18 U.S.C. § 1752(a)(1),

> On or about January 6, 2021, in the District of Columbia, DEREK COOPER GUNBY, did unlawfully and knowingly enter and remain in a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President. . . [was] temporarily visiting, without lawful authority to do so.

ECF No. 14, p. 1. The elements of Count One are:

1) The defendant entered or remained in a restricted building or grounds without lawful authority to do so; and

2) The defendant did so knowingly.

Count Two of the information alleges that, in violation of 18 U.S.C. § 1752(a)(2),

> On or about January 6, 2021, within in the District of Columbia, DEREK COOPER GUNBY, did knowingly, and with intent to impede and disrupt the orderly conduct of Government business and official functions, engage in disorderly and disruptive conduct in and within such proximity to, a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President and Vice President- elect were temporarily visiting, when and so that such conduct did in fact impede and disrupt the orderly conduct of Government business and official functions.

*Id*. at 1-2. The elements of Count Two are:

1)   The defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds;

2)   The defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions; and

3)   The defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

Count Three of the information alleges that, in violation of 40 U.S.C. § 5104(e)(2)(D),

On or about January 6, 2021, in the District of Columbia, DEREK COOPER GUNBY, willfully and knowingly engaged in disorderly and disruptive conduct within the United States Capitol Grounds and in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress and either House of Congress, and the orderly conduct in that building of a hearing before or any deliberations of, a committee of Congress or either House of Congress.

*Id.* at 2. The elements of Count Three are:

1)   The defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings;

2)   The defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress; and

3)   The defendant acted willfully and knowingly.

Finally, Count Four of the information alleges that, in violation of 40 U.S.C. § 5104(e)(2)(G), "on or about January 6, 2021, within the District of Columbia, DEREK COOPER GUNBY, willfully and knowingly paraded, demonstrated, and picketed in any United States Capitol Building." *Id.* at 3.

The elements of Count Four are:

1)   The defendant paraded, demonstrated, or picketed in any of the Capitol Buildings; and

2)   The defendant acted willfully and knowingly.

The information therefore includes the elements of the offense for all four offenses. The Counts of the information "echo[ ] the operative statutory text while also specifying the time and

place of the offense," *United States v. Williamson*, 903 F.3d 124, 130 (D.C. Cir. 2018). Counts One through Four "fairly inform" Gunby of the charges against which he must defend, and that it stems from his conduct on January 6, 2021, in the District of Columbia. *Hamling*, 418 U.S. at 117. "No more is required." *Nassif*, 21-CR-421 (JDB) at 15.

### B. Sufficiency of the evidence is not available to Gunby at this stage

Pretrial dismissal based on the sufficiency of the evidence is unavailable unless "the material facts are undisputed and only an issue of law is presented." *United States v. Yakou*, 428 F. 3d 241, 247 (D.C. Cir. 2005). Gunby's argument that "[n]either the complaint nor the Statement of Facts provided by the government provide any facts…" that Gunby did not know he could not be in the Capitol is both premature and without merit. Gunby's argument regarding the sufficiency of the evidence is not proper in pretrial motions practice. Rather, those arguments should be made at trial. As discussed above, both the Statement of Facts and the Information put sufficient forward facts to support the charges alleged by the government. *See* ECF No. 1, Attachment A, at 1; ECF No. 14.

### C. This Court previously determined that probable cause exists against Gunby

Fed. R. Crim. P. 4 states that a criminal complaint must "establish probable cause to believe that an offense has been committed and that the defendant committed it," and if so, a "judge must issue an arrest warrant to an officer authorized to execute it." This layer of protection ensures that a neutral party reviews the evidence of a crime and makes an independent determination of probable cause before an arrest is made.

Here, U.S. Magistrate Judge G. Michael Harvey read the Statement of Facts and determined that there was probable cause to believe Gunby committed all four misdemeanors charged in the initial Complaint. ECF No. 1. That Gunby does not agree with Magistrate Judge

Harvey's determination does not give him the ability to ask for a second bite at the probable cause apple.

## CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss for failure to state a claim should be denied.

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        D.C. Bar No. 481052

By:    /s/ Kyle M. McWaters
        Kyle M. McWaters
        Assistant United States Attorney
        D.C. Bar No. 241625
        601 D Street NW
        Washington, DC 20001
        (202) 252-6983
        kyle.mcwaters@usdoj.gov

        Christopher D. Amore
        Assistant United States Attorney
        Capitol Riots Detailee
        N.Y. Bar No. 5032883
        601 D Street NW
        Washington, DC 20001
        (973) 645-2757
        christopher.amore@usdoj.gov

## CERTIFICATE OF SERVICE

On this 28th day of October 2022, a copy of the foregoing was served upon all parties listed on the Electronic Case Filing (ECF) System.

                                             */s/ Kyle M. McWaters*
                                             Kyle M. McWaters
                                             Assistant United States Attorney