**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|                               |     |                          |
|-------------------------------|-----|--------------------------|
| **UNITED STATES OF AMERICA**  | :   |                          |
|                               | :   |                          |
| v.                            | :   | **CASE NO. 21-cr-626-PLF** |
|                               | :   |                          |
| **DEREK COOPER GUNBY,**       | :   |                          |
|                               | :   |                          |
| Defendant.                    | :   |                          |

**UNITED STATES' OPPOSITION TO DEFENDANT'S**
**MOTION TO DISMISS COUNTS TWO OR THREE ON MULTIPLICITY GROUNDS**

The United States of America respectfully submits this opposition to Defendant Derek Cooper Gunby's ("Gunby") Motion to Dismiss One of Two Disorderly Conduct Counts Due to Multiplicity (the "Motion," ECF No. 37).

Gunby argues that Counts Two and Three are multiplicitous, and that one of the two disorderly conduct counts should be dismissed.  In the alternative, Gunby contends that Counts Two and Three should be combined into a single count as one is simply a lesser-included offense of the other. ECF No. 37, at 1, 5. These arguments are meritless and this Court should deny the Motion.

**BACKGROUND**

Gunby is charged by information with: (1) Entering and Remaining in a Restricted Building, in violation of 18 U.S.C. § 1752(a)(1); (2) Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2); (3) Violent Entry and Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); and (4) Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).  ECF No. 14.

# ARGUMENT

## I.      Count Two and Count Three of the Information are not Multiplicitous.

Gunby asserts that Count Two and Count Three of the information allege precisely the same conduct and therefore violate Double Jeopardy.  ECF No. 37 at 3-5.  Gunby is incorrect.

A defendant may be convicted of and sentenced under different statutory provisions for multiple offenses arising out of the same single act or course of conduct so long as Congress authorized the imposition of such multiple punishments.  *See United States v. McLaughlin*, 164 F.3d 1, 8 (D.C. Cir. 1998) ("If the legislature intends to impose multiple punishment, imposition of such sentences does not violate Double Jeopardy.").  "To determine multiplicity vel non, courts generally apply the *Blockburger* test: '[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not,' i.e., whether either is a lesser included offense of the other."  *United States v. Mahdi*, 598 F.3d 883, 888 (D.C. Cir. 2010) (quoting *United States v. Weathers*, 186 F.3d 948, 951 (D.C. Cir. 1999), and *Blockburger v. United States*, 284 U.S. 299, 304 (1932)).  If the two offenses each require proof of a fact the other does not, then the charges are not multiplicitous.  *Mahdi*, 598 F.3d at 890.

The *Blockburger* "test focuses on the statutory elements of the offense, not on the proof offered in a given case."  *United States v. McLaughlin*, 164 F.3d 1, 8 (D.C. Cir. 1998).  Thus, it is irrelevant whether there is significant overlap in the factual proof of each count at trial, or even whether two counts "are based upon the exact same set of facts and circumstances," as long as each count's elements require proof of a fact that the others do not.  *United States v. Manafort*, 313 F. Supp. 3d 311, 314 (D.D.C. 2018); *see id.* ("[T]he test for multiplicity is not whether two

counts are based on the same set of facts; rather, it is whether the statutory elements of the two offenses are the same.").

Here, Gunby's multiplicity arguments fail because each of the offenses charged in the information "requires proof of a fact which the other does not." *Blockburger*, 284 U.S. at 304. Thus, the information satisfies *Blockburger*.

Count Two charges a violation of 18 U.S.C. § 1752(a)(2), which applies to a defendant who "knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engages in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions." 18 U.S.C. § 1752(a)(2). The elements of that offense are:

1) The defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds;

2) The defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions;

3) The defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

Count Three charges a violation of 40 U.S.C. § 5104(e)(2)(D), which applies to a defendant who "utter[s] loud, threatening, or abusive language, or engage[s] in disorderly or disruptive conduct, at any place in the Grounds or in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress[.]" 40 U.S.C. § 5104(e)(2)(D). The elements of that offense are:

1) The defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings;

2) The defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress;

3)      The defendant acted willfully and knowingly.

Based on the foregoing elements, Counts Two and Three are not multiplicitous, because each requires proof of a fact that the other does not.  Plainly, Count Three requires proof that the defendant engaged in disorderly or disruptive conduct "in any of the United States Capitol Buildings" (element 1 of Count Three).  But Count Two does not require proof of that fact. Similarly, Count Three requires proof that the defendant engaged in such conduct "with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress" (element 2 of Count Three).  Again, Count Two does not require proof of this fact. Likewise, Count Two requires proof that the defendant engaged in disorderly or disruptive conduct "in, or in proximity to, any restricted building" (element 1 of Count Two).  As relevant here, the term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.  18 U.S.C. § 1752(a)(2)(C)(1)(B).  Count Three does not require any such proof.[1]

Gunby argues that the government is improperly prosecuting him for multiple statutory violations "for the same alleged act."  ECF No. 37, at 4.  However, as discussed above, when assessing a claim of multiplicity, *Blockburger* requires the court to analyze the elements of the offenses, not whether a single act could violate multiple statutes.  The very premise of *Blockburger* and its progeny is that the "same act or transaction"—here, Gunby's presence inside the Capitol Building and on its Grounds—could form the basis for multiple criminal charges so long as each

---

[1] Given each count requires proof of at least one fact the others do not, a full accounting of potential distinctions between the statutes charged in Counts Two and Three is unnecessary.  Gunby concedes "[t]he two statutes have different origins; with one pertaining to crimes at the Capitol and one pertaining [to] more broadly-defined 'disorderly conduct' which disrupts 'Government business.'"  ECF No. 37, at 2-3.

count requires proof of a fact that the others do not. *Mahdi*, 598 F.3d at 888. That Counts Two and Three each relate to Gunby's presence at the Capitol, and his conduct therein, is unsurprising and ordinary. Several defendants involved in the attack on the Capitol have been convicted of and sentenced on both counts among others. *See, e.g.*, *United States v. Thomas Robertson*, 1:21-CR-00034-CRC; *United States v. Rubenacker*, 1:21-CR-00193-BAH. Whatever the functional similarity Gunby sees in the statutes, charging both neither violates Double Jeopardy nor results in a multiplicitous information.

Therefore, Counts Two and Three are not multiplicitous. A single criminal act frequently results in multiple punishments under multiple criminal statutes, and that is entirely permissible so long as application of the *Blockburger* test (or other indicia of congressional intent) make clear Congress's intent to permit such multiple punishment. For these reasons, the Motion should be denied.

## II.     Count Two and Count Three of the Information are not each Lesser-Included Offenses of the Other

Gunby argues in the alternative that Counts Two and Three should be combined into a single count since each is lesser-included offense of the other. But "one offense is not 'necessarily included' in another unless the elements of the lesser offense are a subset of the elements of the charged offense." *Schmuck v. United States*, 489 U.S. 705, 716 (1989). When, as described above, each count requires proof of a fact that the other count does not require, neither count can be a lesser-included offense of the other. Thus, under *Schmuck*, Gunby's claim fails, and this Court should deny his Motion on these grounds.

**CONCLUSION**

For the foregoing reasons, the Government respectfully requests that Gunby's Motion to Dismiss One of the Two "Disorderly Conduct" Counts due to Multiplicity be denied.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

 *s/ Christopher D. Amore*
Christopher D. Amore
Assistant United States Attorney
N.Y. Bar No. 5032883
601 D Street NW
Washington, DC 20001
(973) 645-2757
Christopher.Amore@usdoj.gov

Kyle M. McWaters
Assistant United States Attorney
D.C. Bar No. 241625
601 D Street NW
Washington, DC 20001
(202) 252-6983
kyle.mcwaters@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

On this 28th day of October 2022, a copy of the foregoing was served upon all parties listed on the Electronic Case Filing (ECF) System.

_/s Christopher D. Amore_____
CHRISTOPHER D. AMORE
Assistant United States Attorney