UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| : | |
| v. | : CASE NO. 21-cr-626 (PLF) |
| : | |
| DEREK COOPER GUNBY, | : |
| : | |
| Defendant. | : |

DEFENDANT GUNBY'S REPLY TO THE UNITED STATES' OPPOSITION
REGARDING FAILURE TO STATE A CLAIM (ECF 40)

Defendant Derek Cooper Gunby hereby replies to the government's opposition (ECF 40) to Gunby's Motion to dismiss the Information for failure to state a claim (ECF 28).  The government's information simply does not allege any crimes with enough specificity to invoke the Court's jurisdiction.

In the United States' Opposition, the government claims merely that "at 1:00 p.m., on January 6, 2021, . . .**The mob** [ . . . ] scaled walls, smashed through barricades, and shattered windows to gain access to the interior of the Capitol, . . . threatened the peaceful transfer of power after the 2020 Presidential election, injured more than one hundred police officers, and resulted in more than 2.7 million dollars in damage and losses."

<u>None</u> of these acts are attributed to the defendant, Derek Gunby.  The government claims only that "Gunby posted photographs to his Facebook page showing himself in Washington, D.C. near the Capitol."  Then,:

> **Open-source video and closed circuit television cameras (CCTV) show Gunby entering the Capitol through what is known as the Senate Parliamentarian Door. The CCTV video shows him walking down a hallway, and after a few minutes, he turns around and exits through the same door.**

Nothing in these statements, even if taken in the light most favoring the prosecution, constitute an allegation of a crime by Gunby.  Gunby is entitled to dismissal, or at least a probable cause hearing.

## LEGAL STANDARD

A defendant may move before trial to dismiss an information, or a count thereof, for "failure to state an offense." See Fed. R. Crim. P. 12(b)(3)(B)(v). The government's information against Gunby fails to state an offense because it simply does not contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1).  Gunby's alleged

acts of "entering the Capitol, . . . walking down a hallway, and after a few minutes, turn[ing] around and exit[ing] through the same door" do not constitute any crime.

## ARGUMENT

Each of the misdemeanor counts alleged against Gunby require that certain elements be proven beyond a reasonable doubt. The crime of illegally entering and remaining in an unauthorized building, for example, requires proof that the building was both posted or announced as unauthorized and that Gunby knew of this announcement. Yet the information does not allege such knowledge on the part of Gunby. The crime of disorderly conduct requires an allegation that Gunby conducted himself in a disorderly manner. The act of "walking down a hallway, and after a few minutes, [turning] around and exit[ing] through the same door" is not disorderly conduct. Nor is posting on Facebook an act of disorderly conduct. Nor is walking down a hallway and turning around "picketing and parading" in any sense of those words.

An indictment is insufficient where it fails to allege an element required by settled law. An indictment's failure to recite an essential element of the charged offense requires dismissal of the indictment. United States v. Du Bo, 186 F.3d 1177, 1179 (9th Cir. 1999). The complete failure to charge an essential element of

a crime "is by no means a mere technicality." See *United States v. King*, 587 F.2d 956, 963 (9th Cir. 1978). As the Supreme Court stated over a century ago, the omission of a necessary element of an offense is a "matter of substance, and not a defect or imperfection in matter of form only . . . ." *United States v. Carll*, 105 U.S. 611, 613 (1881).

In Gunby's case, the information simply recites the elements of Count 1, Count 2 and Count 3 even as the government's own statement of facts belies the existence of principle elements. The Statement of Facts says only that Gunby entered the Capitol, with no mention of whether he knew he was unauthorized.

The Statement of Facts also fails to mention sufficient facts to justify Count 2, which requires proof that Gunby "knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions . . . [did] in fact impede[ ] or disrupt[ ] the orderly conduct of Government business or official functions."

Count 3 requires that Gunby "willfully and knowingly engaged in disorderly and disruptive conduct within the United States Capitol Grounds and in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congres." Entering the Capitol, walking down a hallway and turning around do not constitute such an offense.

Count 4 requires that Gunby "willfully and knowingly engaged in disorderly and disruptive conduct within the United States Capitol Grounds and in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress."  Obviously, entering the Capitol, walking down a hall and then turning around cannot possibly constitute such an offense.

GUNBY CANNOT BE PROSECUTED FOR MERELY BEING IN A "MOB"

"It is well-established that the determination of probable cause must be an individualized matter." *Carr v. District of Columbia*, 561 F. Supp. 2d 7, 13 (D.D.C. 2008). See also *Barham v. Ramsey*, 434 F.3d 565, 573 (D.C. Cir. 2006). "Where the standard is probable cause, a search or seizure of a person must be supported by probable cause <u>particularized with respect to that person</u>. This requirement cannot be undercut or avoided by simply pointing to the fact that coincidentally there exists probable cause to search or seize another ...." *Ybarra v. Illinois*, 444 U.S. 85, 91, 100  (1979). "To demonstrate that plaintiffs' arrests were valid, therefore, the District must show that it had probable cause to arrest each individual . . ." *Carr*, 561 F. Supp. 2d at 13. "The fact that rioting is a group offense does not eliminate the constitutional requirement of particularized suspicion of guilt." *Id.*

This is true even if the "mob" has a generalized characterization of criminal behavior. *Carr*, supra, at 13.  Thus, even if a "mob" that Gunby identified with

engaged in violent and destructive behavior, Gunby cannot be prosecuted merely for associating with them. See *Washington Mobilization Committee v. Cullinane*, 566 F.2d 107 (D.C. Cir. 1977); *Dellums v. Powell*, 566 F.2d 167 (D.C. Cir. 1977); *Barham v. Ramsey*, 434 F.3d 565 (D.C. Cir. 2006); *Carr*, at 18.

The D.C. Circuit addressed this issue in *Barham v. Ramsey*, 434 F.3d 565 (D.C. Cir. 2006). In *Barham*, an MPD police chief ordered the mass arrest of all persons in Pershing Park based on widespread infractions he had seen by demonstrators earlier that morning and during the hour in which he observed the activities in the park. *Id*. at 569-70. The arrests of 386 people were made with no prior warning to the occupants of the park to disperse and no notice that arrest was imminent. *Id*. at 570.

The D.C. Circuit rejected arguments by MPD because although "police are permitted to control an undifferentiated mass of people if necessary to quell a large-scale demonstration that has become unruly or violent," they had no authority to arrest people without individualized probable cause relating to each suspect. Id. at 575.

Similarly, the *Dellums* Court upheld a civil jury verdict against the U.S. Capitol Police Chief who ordered the mass arrest of a group of demonstrators on the Capitol steps. It explained that these demonstraters could not be arrested unless

the Chief reasonably believed that they could be validly evicted under the Capitol Grounds ordinance and had given them an order to disperse and the opportunity to comply. See *Dellums*, 566 F.2d at 183.

GUNBY CANNOT BE PROSECUTED FOR BEING IN AND SUPPORTING A GROUP CONTAINING <u>OTHERS</u> WHO COMMITTED CRIMES.

The requirement that probable cause be based on individualized, particularized conduct—by Gunby alone—forecloses further prosecution in this case. The Supreme Court has repeatedly dealt with cases where prosecutors contended a defendant's guilt could be based on the defendant's membership or association with groups such as the Communist Party. In each case the Court held that prosecutors cannot impute guilt "to an individual merely on the basis of his associations and sympathies, rather than because of some concrete personal involvement in criminal conduct." *Scales v. United States*, 367 U.S. 203, 220 (1961).

Thus, Gunby's alleged acts of "entering the Capitol through what is known as the Senate Parliamentarian Door. . . . walking down a hallway, and after a few minutes, turn[ing] around and exit[ing] through the same door" cannot subject Gunby to punishment for "disorderly conduct," "picketing and parading," or "entering and remaining."

The law is clear that "[t]he right to associate does not lose all constitutional protection merely because some members of the group may have participated in conduct or advocated doctrine that itself is not protected." *N.A.A.C.P. v. Claiborne Hardware Co.*, 458 U.S. 886, 908 (1992). If a person is to be punished for his association with others, there must be "clear proof that ... [he] specifically intend[ed] to accomplish [the aims of the protest] by resort to violence." Scales v. United States, 367 U.S. 203, 229 (1961). Under Supreme Court precedent, a peaceful political protester may not be punished for failing to cease his protected activity simply because others associated with the assembly may have committed illegal acts.

## CONCLUSION

For the reasons described, the information against Gunby fails to state any claim upon which relief can be granted.

Dated: November 08, 2022

Respectfully submitted,

 /s/ John M. Pierce   
John M. Pierce  
John Pierce Law P.C.  
21550 Oxnard Street  
3rd Floor PMB #172  
Woodland Hills, CA 91367  
P: (213) 349-0054  
jpierce@johnpiercelaw.com

CERTIFICATE OF SERVICE

I, John M. Pierce, hereby certify that on this day, November 08, 2022, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

                                                    <u>/s/ John M. Pierce</u>
                                                    John M. Pierce