UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. | : CASE NO. 21-cr-626 (PLF) |
| : | |
| DEREK COOPER GUNBY, : | |
| : | |
| Defendant. : | |

DEFENDANT GUNBY'S REPLY TO THE UNITED STATES' OPPOSITION REGARDING GUNBY'S MOTION TO DISMISS ON FIRST AMENDMENT GROUNDS (ECF 41)

Defendant Derek Cooper Gunby, by counsel John Pierce, esq., hereby replies to the government's opposition (ECF 41) to Gunby's Motion to dismiss on first amendment grounds (ECF 35).

The government begins its pleading with another recounting of Gunby's alleged acts: posting photographs on Facebook of himself in D.C. and entering the Capitol through what is known as the Senate Parliamentarian Door.  The government's statement of facts says "The CCTV video shows [Gunby] walking down a hallway, and after a few minutes, he turns around and exits through the same door" as part of the Jan. 6 demonstration.

Like many thousands of others, Gunby came to Washington, D.C. on January 6 to (in his own words) "protest the stealing of the votes, of the election in

this country." The facts—taken in their worst light—show Gunby "entering the Capitol through what is known as the Senate Parliamentarian Door [and] walking down a hallway, and after a few minutes, he turns around and exits through the same door."

Like many others, Gunby combined his presence at the Capitol on Jan. 6 with social media statements and posts. In Gunby's case, each and every one of Gunby's posts expressed Gunby's grievances with the election, the state of American governance, and contemporary politics. Late on Jan.6, Gunby posted further statements on Facebook indicating that he and thousands of others "all pretty much surrounded the Capitol." In Gunby's own words (as stated by the prosecution) "We are at a point now in this country where they're going to listen to us. They have to listen to us."

All of these statements and expressions are political speech, protected by the First Amendment.

### GUNBY CANNOT BE PROSECUTED FOR PROTESTING AMIDST OTHERS WHO COMMITTED CRIMES

The law is clear that "[t]he right to associate does not lose all constitutional protection merely because some members of the group may have participated in conduct or advocated doctrine that itself is not protected." *N.A.A.C.P. v. Claiborne Hardware Co.*, 458 U.S. 886, 908 (1992). "Specifically, the presence of activity

protected by the First Amendment imposes restraints . . . on the persons who may be held accountable ...." Id. at 916-17. If a person is to be punished for his association with those who engaged in vandalism, there must be "clear proof that ... [he] specifically intend[ed] to accomplish [the aims of the protest] by resort to violence." *Scales v. United States*, 367 U.S. 203, 229 (1961). Under Supreme Court precedent, a peaceful political protester may not be punished for failing to cease his protected activity simply because others associated with the assembly may have committed illegal acts.

The government cites this Court's ruling in *Bynum v. U.S. Capitol Police Bd.*, 93 F. Supp. 2d 50, 56 (D.D.C. 2000) (Friedman, J.); "the inside of the United States Capitol is a nonpublic forum for First Amendment forum analysis purposes." But Bynum held that nondisruptive organized prayer sessions may be held in the halls of the Capitol, and that thus there are some low-level First Amendment rights for visitors to the interior of the Capitol. Citizens cannot be totally silenced and deprived of their rights to speak, advocate and persuade in the halls.

Indeed, the Capitol is an immense, working office building, meeting place and gathering place for hundreds of people (in addition to members of Congress meeting in the chambers) on a daily basis. People have a right to speak their minds in the hallways.

*In effect*, this Court in Bynum added <u>an additional element</u> to the offenses of "picketing and parading" in the Capitol, "disorderly conduct" in the Capitol, and "entering and remaining" in the Capitol: the government must prove beyond a reasonable doubt that a person practicing First Amendment-protected advocacy in the hallways <u>was acting in a loud, disruptive</u> manner.  As a matter of precedent, this Court found that low-volume organized prayer sessions in Capitol hallways do indeed enjoy some level of First Amendment protection.

Nothing in the government's statement of facts regarding Gunby indicates Gunby behaved outrageously, loudly, or violently.  Walking and turning around in a hallway and then posting about it on Facebook is <u>not a crime</u>.

Finally, the government claims that "Gunby's First Amendment claims are premature because they require an analysis of Gunby's conduct, which is not before the Court at this stage in this case." But everything in the government's statement of facts about Gunby illustrates that Gunby's January 6 activities were First-Amendment-protected protest and advocacy.

Thus, nothing in the information and statement of facts alleges any conduct by Gunby except conduct which is protected by the speech and petition clauses of the First Amendment.  ACCORDINGLY, the case against Gunby must be dismissed.

Dated: November 08, 2022

                                        Respectfully submitted,

                                        /s/ John M. Pierce
                                        John M. Pierce
                                        John Pierce Law P.C.
                                        21550 Oxnard Street
                                        3rd Floor PMB #172
                                        Woodland Hills, CA 91367
                                        P: (213) 349-0054
                                        jpierce@johnpiercelaw.com

CERTIFICATE OF SERVICE

I, John M. Pierce, hereby certify that on this day, November 08, 2022, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

/s/ John M. Pierce
John M. Pierce