UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA          :
                                                        :
                              v.                         : CASE NO. 21-cr-626 (PLF)
                                                        :
DEREK COOPER GUNBY,             :
                                                        :
                    Defendant.                  :


**DEFENDANT GUNBY'S REPLY TO GOVERNMENT'S OPPOSITION
REGARDING MULTIPLICITY, AND MEMORANDUM**


The Defendant submits this memorandum in reply to the government's response in

opposition to the Defendant's motion to dismiss on multiplicity grounds (ECF No. 42) and in

support of the Defendant's motion seeking dismissal of one of two counts of the indictment due

to multiplicity (ECF No. 37).

**MOTION TO DISMISS COUNTS TWO OR THREE ON MULTIPLICITY GROUNDS**

The government asserts that the Defendant's argument fails because, "A defendant may

be convicted of and sentenced under different statutory provisions for multiple offenses arising

out of the same single act or course of conduct so long as Congress authorized the imposition of

such multiple punishments." ECF No__p. 2. Yet the Government directly contradicts their own

argument by stating that the Defendant's motion lacks merit, because "...each of the offenses

charged in the information requires proof of a fact which the other does not." ECF No.__p.3. At

first, the Government is arguing that the Defendant can be sentenced for multiple offenses of the

same conduct under different statutes if that is what Congress authorized. Conversely, they completely disregard their own argument by claiming that the Defendant did not commit a single offense, but multiple offenses because the statutes require proof of different facts. The Defendant will prove that the government has failed to show any basis in fact or law to support their opposition for the motion to dismiss and as a result of their failed claims the Court should rule in his favor and dismiss one of counts 2 and 3 on multiplicity grounds.

### I. Count Two and Count Three of the Indictment are Multiplicitous.

The government's arguments are clearly erroneous. Indeed, the statutes are slightly different from one another (particularly in some of the wording), but that does not change the fact that the Defendant committed a single act on a single occasion not a single act on multiple occasions or several different acts in a single occasion. It was one act. Gunby made his way up to the Capitol (where officers were ushering people in) and walked into the building, stayed there for around two minutes, then when he tried to make his way back out of the building the exit "got bottlenecked and he was pinned against the wall for a short time." He eventually made his way out after rubber bullets started deploying. (FBI Interview of Derek Cooper Gunby; 266H-CO-3372654). This is clearly a single act that the Government is attempting to charge as multiple offenses under essentially the same statutes, thereby violating the Double Jeopardy clause.

An indictment is considered multiplicitous "when it charges a single offense as an offense multiple times, in separate counts, when, in law and fact, only one crime has been committed. *United States v Chacko*, 169 F.3d 140, 145 (2d Cir. 1999). This is a violation of the Double Jeopardy Clause of the Fifth Amendment, because it subjects a person to punishment for the same offense more than once. *Id.* In addition, including multiple counts for a single act leads the jury to incorrectly assume the severity of the Defendant's criminal culpability. See *United*

*States v. Reed*, 639 F.2d 896, 904 (2d Cir. 1981) (where multiplicity of charges... may lead to multiple sentences for the same offense and may improperly prejudice a jury by suggesting that a defendant has committed not one but several crimes.)

The government's argument fails to acknowledge or deliberately omits the theory that an analysis for multiplicitous counts is essentially fact- specific and should not turn on any single factor: "The touchstone of any multiplicity analysis should be whether the acts in question, considering all of the relevant factors, constitute a single execution or multiple executions of a scheme...." (*United States v Wiehl*, 904 F.Supp 81, 89 (NDNY 1995) (Munson, J.). Even the Second Circuit has clarified that, "[i]t is not determinative whether the same conduct underlies the counts; rather, it is critical whether the 'offense' – in the legal sense, as defined by Congress – complained of in one count is the same as that charged in another." *United States v. Chacko*, 169 F. 3d, 140, 146 (2d Cir. 1999) (citing See *Hudson v. United States*, 522 U.S. 93 (1997) (Stevens, J., concurring in the judgment); *Dixon*, 509 U.S. at 704 (overruling *Grady v. Corbin*, 495 U.S. 508 (1990)).

The Government then includes a baseless analysis only intended to confuse and distract from the Defendant's legal conclusion. They single out each statute by their elements and in doing so attempt to support their argument by pointing out single words that do not match the other statute exactly word for word.

> For example, Gunby is charged with violations of both Count 2: 18 U.S.C. § 1752(a)(2) ("Disorderly and Disruptive Conduct in a Restricted Building or Grounds," "knowingly with intent to impede or disrupt the orderly conduct of Government business or official functions" where  "such conduct, in fact, impedes or disrupts the orderly conduct of Government business and official functions") And; Count 3: 40 U.S.C. § 5 1 04(e)(2)(D) (count 3) (willfully and knowingly uttering loud, threatening, or abusive language, or engaging in disorderly or disruptive conduct, at any place in the Grounds or in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress . . ."). ECF No. 37 pp. 1-2.

Yet the government, attempts to provide their own statutory interpretations. They claim that because Count 3 says "any Capitol Building" and Count 2 says "any government building or grounds or restricted building in official functions" that those words and the meanings of those words are so different as to justify an extra criminal charge to the Defendant. Saying "any capitol building" and "any government building" still means the same thing, only one is more specific than the other. A simple term should not warrant an extra charge on the Defendant.

Next, both statutes require some type of proof as to disorderly conduct yet, the Government attempts to interpret the statute in their own way and state that Count 2 requires proof that the defendant engaged in disorderly or disruptive conduct "in, or in proximity to, any restricted building" (so the proof is towards the building being restricted) and Count 3: requires proof that the defendant engaged in disorderly or disruptive conduct "in any of the United States Capitol Buildings" so since they require different types of building as proof they are different offenses. This interpretation is completely ludicrous. They both require the Defendant to prove disorderly conduct and the fact that one states capitol building and one states restricted building does not change the fact that the Defendant only entered ONE building and committed a SINGLE offense in that building. The Defendant did not commit the offense in different buildings; thus it is ridiculous to interpret the statute in that way.

Furthermore, the Government throws in another foolish argument that: "Several defendants involved in the attack on the Capitol have been convicted of and sentenced on both counts among others." ECF No._p. 5. In a sense the Government is implying that since other defendants were charged with the same charges then it justifies the Defendant being charged the same way. It is Defendant's Constitutional right to receive a fair hearing and just because other

defendants got an unfair trial or could not defend themselves properly does not give the Government the right to use them as some sort of precedent.

## II. Count Two and Count Three of the Indictment ARE Lesser-Included Offenses of the Other

Finally, the Government wrongly asserts that all the elements of the lesser offense must be included in the greater offense and since the counts require different kinds of proof then one is not the lesser offense of the other. The Government is continuously providing their own definitions of a statute or case law in substitute of the actual law. If the government's argument is true, then defendants being charged with murder would be permitted to be charged with negligent homicide and/or vehicular manslaughter in addition to the charge of murder. That is obviously not the case, a Defendant would realistically get charged with one of those offenses even if all three require different kinds of proof. Lilly v. State, 649 A.2d 1055, 1061 (Del. 1994).

The government argues that they are adopting the statutory-elements test in *Schmuck* and under this particular test the Defendant's claim fails and the Court should deny the motion based on that alone. ECF No._42_p. 5. However, what the government fails to mention is that the US Court of Appeals for D.C. rejected the approach taken in *Schmuck* in favor of a "cognate approach." See *United States v. Whitaker*, 447 F.2d 314, 319 (D.C.Cir.1971) (impractical to use strict "statutory elements" approach); See Also *Elisovsky v. State*, 592 P.2d 1221, 1226 (Alaska 1979) ("cognate approach" focuses upon facts in indictment to determine whether defendant had notice of possible lesser offense). In *Whitaker*, the Court of Appeals for the District of Columbia, in rejecting the approach in *Schmuck* stated:

> A more natural, realistic and sound interpretation of the scope of 'lesser included offense,' in line with our own views on the subject, is that... when a lesser offense is established by the evidence adduced at trial in proof of the greater offense... there must also be an 'inherent' relationship between the greater and lesser offenses, i.e., they must relate to the

protection of the same interests, and must be so related that in the general nature of these crimes, though not necessarily invariably, proof of the lesser offense is necessarily presented as part of the showing of the commission of the greater offense. State v. Yates, 571 A.2d 575 (R.I. 1990) (citing State v. Dordain, 566 A.2d 942 (R.I. 1989)).

To prove further support for Defendant's position, in *Lily* the case cites to the Delaware Criminal Code where the definition of included offenses expressly states that, "although the included offense must produce the same result as the inclusive offense, there may be some dissimilarity in the elements necessary to prove the offense." Lilly v. State, 649 A.2d 1055, 1061 (Del. 1994).

Finally to directly refute the *Schmuck* case, the Defendant uses that case in order to provide proof that charging both counts would prejudice the jury in favor of a criminal conviction. *Schmuck* states that, "where the jury suspects that the defendant is guilty of some offense, but one of the elements of the charged offense is in doubt... the jury will likely fail to give full effect to the reasonable doubt standard, resolving its doubts in favor of conviction." See Schmuck, at p. 717, fn. 9 [103 L.Ed.2d at p. 747, fn. 9] (where the availability of a lesser included offense instruction protects the defendant from improper conviction.) Thus, it has been shown that all the elements of the lesser included offense do not need to be included in the greater offense for multiplicity to be shown. As a result, Defendant's counts 2 and 3 should be combined by the Court into a single count, as one is simply a lesser-included offense of the other.

### III. CONCLUSION

In conclusion, permitting the government to charge what is clearly one offense in multiple counts implicitly conveys to the jury an unfairly prejudicial view regarding the Defandant's criminal culpability, violates the Defendant's constitutional rights by giving the government multiple chances to convict the Defendant for a single offense, impairs the

Defendant's right to a fair trial,  and exposes the Defendant to multiple and harsher punishments for one act committed at one place in a single instance. The allegations in Counts 2 and 3 are multiplicitous and violate the Double Jeopardy clause in the process. Accordingly, since counts 2 and 3 are clearly multiplicitous, justice and fairness require dismissal of at least one of the two of the counts or at least for the Court to combine counts two and three into a single count.

Dated: November 08, 2022

Respectfully submitted,

 /s/ John M. Pierce
John M. Pierce
John Pierce Law P.C.
21550 Oxnard Street
3rd Floor PMB #172
Woodland Hills, CA 91367
P: (213) 349-0054
jpierce@johnpiercelaw.com

CERTIFICATE OF SERVICE

I, John M. Pierce, hereby certify that on this day, November 08, 2022, I caused
a copy of the foregoing document to be served on all counsel through the
Court's CM/ECF case filing system.


/s/ John M. Pierce
John M. Pierce