UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:21-cr-626 (PLF) |
| | : | |
| **DEREK COOPER GUNBY,** | : | |
| | : | |
| Defendant. | : | |

### UNITED STATES' RESPONSE TO DEFENDANT'S "EMERGENCY NOTICE" TO THE COURT

The defendant's "emergency" filing asserts that the government's recent indictment was in retaliation for Gunby (1) demanding a jury trial and (2) declining the government's plea offer. However, the government did not object to, and confirmed with opposing counsel that it would not oppose, Gunby's request for a jury trial. Additionally, the government's charging decision was unrelated to Gunby's declination of the government's plea offer over a year ago. Quite simply, the superseding indictment does not violate the defendant's rights, and no further action should be taken on the defendant's "emergency notice."

On August 30, 2023, defendant Derek Cooper Gunby submitted an "emergency notice" to advise the Court that the United States made "unconstitutional recent threats to retaliate against Gunby for demanding jury trial[1] and declining United States' plea offer." *See* ECF No. 65, at 1. The defendant's "emergency notice" referenced the government's representations to Gunby's counsel in an August 28, 2023, email that the government planned to pursue a felony charge against Gunby for obstruction of an official proceeding in violation of 18 U.S.C. § 1512(c)(2). The

---

[1] On August 4, 2023, the government received an email communication from Roger Roots—an attorney who has not yet entered an appearance in this case—inquiring as to whether the government would "oppose a motion and/or notice to the court [sic] indicating Gunby would now prefer a trial by jury." The government responded that it had no objection to a jury trial and that any needed notice could be filed without opposition.

government also separately alerted the Court and counsel on August 30, 2023, of its intention to seek the indictment.

On August 30, 2023, a five-count superseding indictment of Gunby was returned, including one count of obstruction of an official proceeding in violation of 18 U.S.C. § 1512(c)(2).

## ARGUMENT

First, Gunby's "notice" does not ask for any specific relief, except "for the protection of this Court and asks the Court to take notice of the government's treachery, bad faith, and perfidy." ECF 65 at 3. Gunby cites nothing other than the government's notice of an intent to seek an indictment. The government therefore is considering the defendant's notice as a motion predicated on alleged prosecutorial vindictiveness.

Second, the single case cited by Gunby is inapposite. Contrary to the defendant's rhetoric, no threat—express or implied—was *ever* made to the defendant. The government did not retaliate against the defendant's exercise of his right to a jury trial or his right to reject a favorable plea offer. Rather, the government appropriately exercised its discretion to seek charges that accurately reflect the defendant's criminal actions. As the government prepared for trial—and reviewed the evidence in detail—the government sought an additional charge commensurate with the conduct, and consistent with its approach in January 6 prosecutions.

Prosecutors have "broad discretion to enforce the law, and their decisions are presumed to be proper absent clear evidence to the contrary." *Slatten*, 865 F.3d at 799 (citing *United States v. Armstrong*, 517 U.S. 456, 464 (1996)). It is well-settled that prosecutorial decision to increase charges after a defendant has rejected a plea agreement does not violate the Due Process clause. *See United States v. Goodwin*, 457 U.S. 368, 382-83 (1982) ("the mere fact that a defendant refuses to plead guilty and forces the government to prove its case is insufficient to warrant a presumption

that subsequent changes in the charging decision are unjustified"); *Bordenkircher v. Hayes,* 434 U.S. 357, 363 (1978) (stating that prosecutors enjoy wide discretion in bringing charges against a defendant, and that in the "give and take" of plea bargaining, there is no element of punishment or retaliation as long as the defendant is free to accept or reject the prosecutor's offer); *United States v. Meyer*, 810 F.2d 1242, 1246 (D.C. Cir. 1987) ("[P]roof of a prosecutorial decision to increase charges after a defendant has exercised a legal right does not alone give rise to a presumption [of prosecutorial vindictiveness] in the pretrial context.").

Here, consistent with its charging decisions in similarly situated cases, the prosecutors alerted counsel and the Court of its intent to bring an additional charge. Because this indictment is based on the same quantum of evidence available to the defense, there is no surprise to the defendant (or alleged trial by ambush).

In the January 6 context, defendants have previously filed motions of similar ilk, with no success. All in all, judges of this Court have denied motions to dismiss based on nearly identical claims of wrongdoing related to superseding indictments issued by the grand jury after defendants rejected offers to plead guilty to crimes they allegedly committed at the Capitol on January 6, 2021. *See United States v. Speed*, No. 1:22-cr-244 (TNM), ECF No. 54 (D.D.C. February 28, 2023); *United States v. Thomas*, No. 1:21-cr-552 (DLF), ECF Entries 3/20/2023 and 3/21/2023 (D.D.C.); *see also United States v. Alberts*, No. 1:21-cr-26 (CRC), ECF No. 77 at 14-15 (D.D.C. Nov. 23, 2022) (rejecting vindictive prosecution claim because the timing of the indictment did not relate to defendant's plea refusal). Indeed, two of these cases involve individuals represented by this defendant's current counsel. More importantly, there is similarly no relation between Gunby's decision to reject a plea offer more than a year ago and the government's decision to pursue an indictment as it prepared for a trial.

Third, Gunby's assertion that the government's charging decision is somehow related to his request for a jury trial is baffling. The government did not object to the request and, in fact, specifically told Gunby's counsel that any required withdrawal of Gunby's jury waiver could be filed unopposed. The assertion that the government sought to punish Gunby for the exercise of his Constitutional right to a jury trial is unfounded and without merit.

Accordingly, the government has engaged in no "treachery, bad faith and perfidy."

                Respectfully submitted,

                MATTHEW M. GRAVES
                UNITED STATES ATTORNEY
                D.C. Bar No. 481052

By:    /s/ Kyle M. McWaters
           Kyle M. McWaters
           Assistant United States Attorney
           D.C. Bar No. 241625
           601 D Street NW
           Washington, DC 20003
           (202) 252-6983
           kyle.mcwaters@usdoj.gov