UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 21-0626 (PLF) |
| | ) | |
| DEREK COOPER GUNBY, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Defendant Derek Cooper Gunby is charged in an information with four misdemeanors based on conduct related to the events at the United States Capitol on January 6, 2021. See Information [Dkt. No. 14]. After previously electing to proceed by way of bench trial, see Amended Scheduling Order [Dkt. No. 51], on August 8, 2023, Mr. Gunby notified the Court that he had elected to proceed by way of jury trial. See Defendant Gunby's Unopposed Motion and Notice of Election to Be Tried by Jury After Previously Indicating an Intent to Waive Trial by Jury [Dkt. No. 58]. A jury trial is now scheduled to begin on October 2, 2023. See Third Amended Scheduling Order [Dkt. No. 63].

On August 30, 2023, the government notified the Court that it intended to present evidence to a grand jury on the felony of obstruction of an official proceeding, in violation of 18 U.S.C. § 1512(c)(2). The government also notified counsel for Mr. Gunby of this development. Mr. Gunby subsequently filed an emergency notice alleging that this "escalation of charges" is "aimed at chilling constitutional rights and retaliating against those who try to exercise them." Defendant Gunby's Emergency Notice Regarding the United States' Unconstitutional Threats to Retaliate Against Gunby for Demanding Jury Trial and Declining Plea Offer ("Def. Notice")

[Dkt. No. 65] at 2. The government represents that its pursuit of an indictment is an appropriate exercise of its discretion to "seek charges that accurately reflect the defendant's criminal actions." United States' Response to Defendant's "Emergency Notice" to the Court ("Gov't Resp.") [Dkt. No. 66] at 2. On August 31, 2023, the grand jury returned an indictment on the felony count of obstruction of an official proceeding, in violation of 18 U.S.C. § 1512(c)(2).

The Court, like the government, considers Mr. Gunby's notice "as a motion predicated on alleged prosecutorial vindictiveness." Gov't Resp. at 2. "The Due Process Clause prohibits prosecutors from 'upping the ante' by filing increased charges in order to retaliate against a defendant for exercising a legal right." United States v. Slatten, 865 F.3d 767, 799 (D.C. Cir. 2017). But a prosecutor's exercise of discretion to charge an offense – or to ask a grand jury to consider doing so – is "presumed to be proper absent clear evidence of the contrary." Id. (citing United States v. Armstrong, 517 U.S. 456, 464 (1996)); see United States v. Goodwin, 457 U.S. 368, 380 n.12 (1982) (a claim of prosecutorial vindictiveness requires establishing that an increased charge was brought solely to penalize a defendant and was not a proper exercise of prosecutorial discretion). Mr. Gunby has presented no such evidence.

The D.C. Circuit has explained that, "[i]n a pretrial setting, 'the prosecutor's assessment of the proper extent of prosecution may not have crystallized,' so an increase in charges may be the result of additional information or further consideration of known information, rather than a vindictive motive." United States v. Slatten, 865 F.3d at 799 (quoting United States v. Goodwin, 457 U.S. at 381). This appears to be the case here. The government has explained that, as it prepared for trial "and reviewed the evidence in detail," it "sought an additional charge commensurate with the conduct, and consistent with its approach in January 6 prosecutions." Gov't Resp. at 2. The new indictment is thus an "appropriate" exercise of

prosecutorial discretion "to seek charges that accurately reflect the defendant's criminal actions." Id. Should Mr. Gunby have facts or law to support a claim of prosecutorial vindictiveness in the future, he may file a motion to dismiss the new indictment.

In view of the foregoing, it is hereby

ORDERED that Defendant Gunby's Emergency Notice Regarding the United States' Unconstitutional Threats to Retaliate Against Gunby for Demanding Jury Trial and Declining Plea Offer [Dkt. No. 65] is DENIED.

SO ORDERED.

/s/ Paul L. Friedman
PAUL L. FRIEDMAN
United States District Judge

DATE: 9/1/23