UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 21-0626 (PLF) |
| | ) | |
| DEREK COOPER GUNBY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM OPINION AND ORDER

A jury trial in this matter is scheduled to commence on October 31, 2023.  See Fourth Amended Scheduling Order [Dkt. No. 77].  In anticipation of trial, the United States has filed three motions in limine.  See Motion in Limine Regarding Evidence About the Specific Locations of U.S. Capitol Police Surveillance Cameras [Dkt. No. 60]; United States' Motion in Limine Regarding Cross-Examination of U.S. Secret Service Witness [Dkt. No. 61]; United States' Motion in Limine to Preclude Improper Defense Arguments and Evidence About Law Enforcement [Dkt. No. 62].

Mr. Gunby opposes the government's motions.  See Defendant Gunby's Response to Government's Motion in Limine #61 (To Preclude Cross-Examination of Secret Service Witnesses) [Dkt. No. 73]; Defendant Gunby's Response to Government's Motion in Limine #60 (To Preclude Locations of Capitol Cameras) [Dkt. No. 74]; Defendant Gunby's Reply to United States Opposition to Motion to Suppress [Dkt. No. 72].[1]  The government has filed a reply.  See

---

[1]     Mr. Gunby has not filed a motion to suppress.  The Court assumes that the title of this document is in error.  Document Number 72 contains Mr. Gunby's arguments opposing the government's motion to preclude Mr. Gunby from presenting an entrapment-by-estoppel defense, a public authority defense or some variation thereof, and argument about alleged inaction by law enforcement not observed by Mr. Gunby.

United States' Reply to Defendant's Response Concerning Preclusion of Improper Defense Arguments and Evidence About Law Enforcement [Dkt. No. 80].

The Court considered nearly identical motions in limine and oppositions in United States v. Baez, Crim. No. 21-0507, 2023 WL 6364648 (D.D.C. Sept. 29, 2023). The Court has carefully considered the parties' written submissions and the applicable authorities. For the reasons stated below and in the Court's September 29, 2023 Opinion in United States v. Baez, the Court will grant the government's motions.

## I. LOCATIONS OF SURVEILLANCE CAMERAS

The government seeks to prevent Mr. Gunby from introducing evidence about "the exact location" of United States Capitol Police surveillance cameras, arguing that such evidence risks "compromising [] national security concerns for no additional probative value." Motion in Limine Regarding Evidence About the Specific Locations of U.S. Capitol Police Surveillance Cameras [Dkt. No. 60] at 4. In opposition, Mr. Gunby presents unsubstantiated claims that surveillance footage may be "missing" and asserts that the government is engaged in an attempt to deceive the Court and the jury "regarding the level of 'security' on Capitol grounds." Defendant Gunby's Response to Government's Motion in Limine #60 (To Preclude Locations of Capitol Cameras) [Dkt. No. 74] at 2, 4. Mr. Gunby's claims are insufficient to establish that evidence about the specific locations of U.S. Capitol Police surveillance cameras is relevant to any fact of consequence in this case. The government's motion is granted; Mr. Gunby may not introduce or attempt to introduce evidence about the precise locations of U.S. Capitol Police surveillance cameras at trial. See United States v. Baez, 2023 WL 6364648, at *4-5.

## II.  SECRET SERVICE WITNESSES

The government "seeks an order limiting the cross-examination of the Secret Service witnesses" because the "nature of the Secret Service's role in protecting the Vice President and his family implicated sensitive information related to that agency's ability to protect high-ranking members of the Executive branch, and, by extension, national security." United States' Motion in Limine Regarding Cross-Examination of U.S. Secret Service Witness [Dkt. No. 61] at 2.  In his opposition, Mr. Gunby puts forth a number of legal arguments about the definition of a "restricted building or grounds" – arguments which are irrelevant to the specific request made in the government's motion.  See Defendant Gunby's Response to Government's Motion in Limine #61 (To Preclude Cross-Examination of Secret Service Witnesses) [Dkt. No. 73] at 1-6.

Mr. Gunby then asserts that his right to present a defense includes the right to ask the following questions:

1. Whether anything defendant did exposed the Vice President to any danger?
2. How far away was the Vice President or protectees from defendants?
3. Could the Vice President or protectees see or hear defendants?
4. How many rooms, walls, spaces, or barriers separated the Vice President from defendants?
5. What role did defendants play, if any, in disrupting or changing events of January 6, 2021?
6. What signage, flyers, or other indicators might have indicated any restrictive status to defendants?
7. What staffing or officers was present to indicate any restrictions to defendants?
8. The appearance, circumstances, and setting experienced by defendants.
9. If areas were restricted, what process was followed?
10. Who has or claims authority to restrict areas?
11. Who can end or lift restrictions? What is the process?
12. If barriers or signage was erected, when and how were such barriers or signage moved?

Defendant Gunby's Response to Government's Motion in Limine #61 (To Preclude Cross-Examination of Secret Service Witnesses) [Dkt. No. 73] at 8.

Most of the questions Mr. Gunby wants to ask Secret Service witnesses have nothing to do with the government's reasons for seeking to limit cross examination about Secret Service protocols and protective details. Only the second, third, and fourth questions Mr. Gunby lists in his opposition seem related to the government's concern – the potential questioning of Secret Service witnesses regarding "general protocols about relocation for safety," which could "compromise national security." United States' Motion in Limine Regarding Cross-Examination of U.S. Secret Service Witness [Dkt. No. 61] at 4. For the reasons stated in United States v. Baez, the Court concludes that specific testimony about the areas in the Capitol to which Secret Service protectees were escorted is irrelevant under Rule 401 of the Federal Rules of Evidence. See United States v. Baez, 2023 WL 6364648 at *5-6. Mr. Gunby may not ask Secret Service witnesses the second, third, and fourth questions he enumerates in his opposition. Nor may he solicit testimony from Secret Service witnesses about (1) Secret Service protocols for when emergencies occur, including protocols related to the locations where protectees or their motorcades are taken at the Capitol; and (2) operational specifics about Secret Service protective details, such as the number and type of agents the Secret Service assigns to protectees. See id. at *6. As for the other proffered questions, the Court will not decide at this time whether Mr. Gunby may pose such questions to Secret Service witnesses. If Mr. Gunby asks these questions at trial, the government may raise appropriate objections.

## III.  ARGUMENT REGARDING LAW ENFORCEMENT INACTION

The government asks the Court to preclude Mr. Gunby "from making arguments or attempting to introduce evidence that law enforcement actually gave permission to the

defendant to enter the U.S. Capitol Building or grounds," or that law enforcement officers' actions "rendered [his] conduct legal." United States' Motion in Limine to Preclude Improper Defense Arguments and Evidence About Law Enforcement [Dkt. No. 62] at 1-2, 4. Mr. Gunby argues that "[a]ny person allowed into the U.S. Capitol building by a U.S. Capitol police officer has committed no crime." Defendant Gunby's Reply to United States Opposition to Motion to Suppress [Dkt. No. 72] at 6. Mr. Gunby is incorrect.

As the Court explained in its Baez opinion, to argue entrapment-by-estoppel, a defendant must demonstrate that the government agent who "actively misled him about the state of the law" was the person "responsible for interpreting, administering, or enforcing the law defining the offense." United States v. Baez, 2023 WL 6364648 at *6 (quoting United States v. Chrestman, 525 F. Supp. 3d 14, 31 (D.D.C. 2021) (emphasis added)). Thus, law enforcement inaction, without an affirmative statement of law, is insufficient to establish entrapment-by-estoppel. Id. at *8; see United States' Reply to Defendant's Response Concerning Preclusion of Improper Defense Arguments and Evidence About Law Enforcement [Dkt. No. 80] at 7 (collecting cases). Furthermore, to assert a public authority defense, a defendant must file a timely notice pursuant to Rule 12.3 of the Federal Rules of Criminal Procedure. See FED. R. CRIM. P. 12.3(a)(1), (2). Mr. Gunby has not done so. He thus may not present a public authority defense to the Court or the jury. See United States v. Baez, 2023 WL 6364648 at *7 n.3.

For these reasons and the reasons that the Court explained in United States v. Baez, Mr. Gunby may present evidence of law enforcement inaction to the extent such inaction is relevant to his state of mind; he may not, however, argue to the jury that law enforcement inaction rendered his conduct lawful. See United States v. Baez, 2023 WL 6364648 at *7-8.

In view of the foregoing, it is hereby

ORDERED that the United States' Motion in Limine Regarding Evidence About the Specific Locations of U.S. Capitol Police Surveillance Cameras [Dkt. No. 60] is GRANTED; it is

FURTHER ORDERED that Mr. Gunby shall not introduce or elicit evidence on the specific locations of surveillance cameras within the Capitol building and its grounds; it is

FURTHER ORDERED that the United States' Motion in Limine Regarding Cross-Examination of U.S. Secret Service Witness [Dkt. No. 61] is GRANTED; it is

FURTHER ORDERED that cross-examination of Secret Service witnesses shall exclude questions as to (1) Secret Service protocols for when emergencies occur, including protocols related to the locations where protectees or their motorcades are taken at the Capitol; and (2) operational specifics about Secret Service protective details, such as the number and type of agents the Secret Service assigns to protectees; it is

FURTHER ORDERED that the United States' Motion in Limine to Preclude Improper Defense Arguments and Evidence About Law Enforcement [Dkt. No. 62] is GRANTED; it is

FURTHER ORDERED that Mr. Gunby shall not argue to the jury that law enforcement officers' purported inaction rendered his conduct legal, though he may argue that law enforcement officers' actions or inaction affected his state of mind and whether he acted with the criminal intent required for the charged offenses; and it is

FURTHER ORDERED that the parties shall conduct themselves during trial in conformity with the rulings set forth and explained in this Memorandum Opinion and Order, as well as the Court's September 29, 2023 Opinion in United States v. Baez, Crim. No. 21-0507.

SO ORDERED.

_____
PAUL L. FRIEDMAN
United States District Judge

DATE: 10/13/23