UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:21-cr-626 (PLF) |
| | : | |
| **DEREK COOPER GUNBY,** | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S "TRIAL BRIEF"

The Court should deny Defendant Derek Gunby's request in his Trial Brief (ECF No. 97) to exclude Gunby's anti-government statements. Gunby asserts—without any legal support—that the First Amendment serves to protect all prior statements by the defendant from their use in a trial. *See* ECF 97, at 2 ("Gunby's counsel objects to all of this 'evidence' on grounds that it constitutes First Amendment protected political advocacy, and is irrelevant."). Gunby's argument is entirely without support in law. A defendant's relevant statements are potentially admissible for a variety of permissible purposes, including as evidence of his motive, intent, knowledge, and state of mind.

The government intends to introduce several statements made by Gunby that will aid the jury in its determination as to whether the government has met the elements of the statutes at issue. *See Wisconsin v. Mitchell*, 508 U.S. 476, 489 (1993) (the First Amendment "does not prohibit the evidentiary use of speech to establish the elements of a crime or to prove motive or intent"). "Evidence of a defendant's previous declarations or statements is commonly admitted in criminal trials subject to evidentiary rules dealing with relevancy, reliability, and the like." *Id*. Accordingly, the government asks that the Court rule that the First Amendment does not bar admission at trial of any statement that the government offers to establish the defendant's

1

motive, intent, or an element of the crime, such as the defendant's intent and motivation for marching on the Capitol on January 6, 2021.

Courts across the country, including this Court in other January 6th cases, have allowed evidence of defendants' statements for the purposes sanctioned by *Mitchell*. As Judge Cooper recently ruled:

> Nor does the Court find any First Amendment concerns in the government's use of Robertson's statements to show intent. . . . If Robertson had expressed his views only through social media, he almost certainly would not be here. But he also allegedly took action—entering the Capitol without lawful authority in an alleged attempt to impede the Electoral College vote certification. His words remain relevant to his intent and motive for taking those alleged actions.

*United States v. Robertson*, --- F. Supp. 3d ----, 2022 WL 969546 at *6 (D.D.C. 2022) (internal citation omitted). Outside of the context of January 6th, *Mitchell* has been cited to uphold the admission of a wide range of statements, including, but not limited to, rap lyrics and speeches advocating civil disobedience. *United States v. Smith*, 967 F.3d 1196, 1205 (11th Cir. 2020) (rap lyrics); *United States v. Pierce*, 785 F.3d 832, 841 (2d Cir. 2015) ("This challenge is meritless, however, because here the speech is not 'itself the proscribed conduct.' The speech was not the basis for the prosecution, but instead it was used to establish the existence of, and [defendant's] participation in, the alleged RICO enterprise") (internal citation omitted) (rap lyrics and tattoos); *United States v. Fullmer*, 584 F.3d 132, 158 (9th Cir. 2009) (speeches advocating civil disobedience).

The defendant's statements that shed light on the elements of the offenses, or motive or intent, should be admitted in this case as expressly permitted by *Mitchell*, regardless of whether any of those statements may otherwise constitute speech protected by the First Amendment.

The government also notes that the document cited by defendant is not on the government's exhibit list. To the extent it is not clear to defense counsel, the government makes clear now that the government does not intend to introduce Gunby's status on a watchlist or no-fly list at trial. Gunby's unlawful actions on January 6 and evidence of his intent, knowledge, and state of mind on January 6—including Gunby's statements—constitute the government's evidence in this case.

The defendant's statements are relevant and should be admitted at trial for the foregoing reasons.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By: /s/ *Kyle M. McWaters*
Kyle M. McWaters
Assistant United States Attorney
D.C. Bar No. 241625
Shanai Watson
Trial Attorney (Detailed)
601 D Street NW
Washington, DC 20003
(202) 252-6983
kyle.mcwaters@usdoj.gov