UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                )   Criminal No. 21-0626 (PLF)<br>)<br>DEREK COOPER GUNBY, )<br>)<br>Defendant. )<br>) | |

MEMORANDUM OPINION AND ORDER

In anticipation of trial, defendant Derek Cooper Gunby submitted a trial brief in which he requested that the Court limit the evidence that the government could present at trial regarding his "anti-government" political beliefs. See Defendant Gunby's Trial Brief Regarding the Government's Inappropriate Depiction of Gunby as "Anti-Government" ("Def. Trial Br.") [Dkt. No. 97]. Specifically, Mr. Gunby requests that "the Court take judicial notice that pro-government views, rather than anti-government views, represent true extremism," and that "[t]he Court take judicial notice that anti-government ideology is the proper, and constitutionally most sound, ideology, and that a citizen such as Gunby should not be punished for holding anti-government assessments." Id. at 6. The government opposes Mr. Gunby's requests. See Government's Response to Defendant's "Trial Brief" [Dkt. No. 99].

The Court agrees with Mr. Gunby that no person can or should be punished based solely on his "abstract beliefs" or political ideology. See Dawson v. Delaware, 503 U.S. 159, 167 (1992). But Mr. Gunby cites no precedent or legal authority for his other two requests – that the Court take judicial notice that "pro-government views . . . represent true extremism" and "anti-government ideology is . . . the most constitutionally sound." His requests for judicial

notice are without legal basis and are denied.

Mr. Gunby also requests that the Court "[f]orbid and preclude the government from making Gunby's criticisms or suspicions of the government into criminal claims or being admitted as evidence against Gunby." Def. Trial Br. at 6. The Court will also deny this request. Although Mr. Gunby may believe what he chooses to, "[t]he First Amendment . . . does not prohibit the evidentiary use of speech to establish the elements of a crime or to prove motive or intent." Wisconsin v. Mitchell, 508 U.S. 476, 489 (1993). "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." FED. R. EVID. 404(a)(1). The government may, however, introduce statements made by Mr. Gunby about his beliefs and other evidence about his political ideology if such evidence is relevant to proving an element of an offense or establishing Mr. Gunby's motive or intent. See Wisconsin v. Mitchell, 508 U.S. at 489 (citing Haupt v. United States, 330 U.S. 631, 642 (1947)).

In view of the foregoing, it is hereby

ORDERED that the relief requested in Defendant Gunby's Trial Brief Regarding the Government's Inappropriate Depiction of Gunby as "Anti-Government" [Dkt. No. 97] is DENIED.

SO ORDERED.

_____
PAUL L. FRIEDMAN
United States District Judge

DATE: 10/31/23