UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DEREK COOPER GUNBY,<br><br>Defendant. | Case No. 21-CR-626 (PLF) |

### GOVERNMENT'S RESPONSE TO COURT'S JULY 3, 2024 ORDER

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to the Court's July 3, 2024 Minute Order issued in response to the decision in *Fischer v. United States*, 603 U.S. ___, 2024 WL 3208034 (June 28, 2024). The Court ordered that the parties propose a schedule for post-trial briefing, sentencing, and other issues.

### BRIEF PROCEDURAL HISTORY

After an eight-day trial, on November 13, 2023 a jury returned verdicts of guilty on all five counts charged against defendant Derek Gunby, including Count One, Obstruction of an Official Proceeding and Aiding and Abetting, 18 U.S.C. §§ 1512(c)(2) and 2. The jury also found Mr. Gunby guilty of four additional misdemeanor counts: Count Two, Entering and Remaining in a Restricted Building or Grounds, 18 U.S.C. § 1752(a)(1); Count Three, Disorderly and Disruptive Conduct in a Restricted Building or Grounds, 18 U.S.C. § 1752(a)(2); Count Four, Disorderly Conduct in a Capitol Building, 40 U.S.C. § 5104(e)(2)(D); and Count Five, Parading, Demonstrating, or Picketing in a Capitol Building, 40 U.S.C. § 5104(e)(2)(G). The government points the Court to its Trial Brief, filed on October 23, 2023, for a recitation of the relevant facts. ECF No. 91.

## *FISCHER*

In the intervening months, *Fischer* was litigated in the Supreme Court, which issued its decision on Friday, June 28, 2024. In *Fischer*, the Supreme Court held that Section 1512(c) does not cover "all means of obstructing, influencing, or impeding any official proceeding." Op. 8. However, the Court did not reject the application of § 1512(c)(2) to January 6 prosecutions. Rather, the Court explained that the government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or other things used in the proceeding – such as witness testimony or intangible information – or attempted to do so. *Id.* at 9, 16. The Supreme Court remanded the case to the D.C. Circuit for further proceedings. *Id.* Through those proceedings, the court of appeals will interpret the scope of the statute further, which may include circumstances like those in the subject case, where the defendant intended to stop the certification proceeding and affect the voting and balloting underlying the certification. *See* Op. 16 (delineating that it would still remain a crime to attempt to impair the integrity of availability of records, documents, objects, or other things used in the proceeding); *id.* at 8 (Jackson, J., concurring) ("And it might well be that Fischer's conduct, as alleged here, involved the impairment (or the attempted impairment) of the availability or integrity of things used during the January 6 proceeding").

Given the remand to the Circuit and the ongoing litigation in *Fischer*, the government is still evaluating *Fischer's* impact on this and other January 6 cases. The government therefore respectfully requests 60 days in which to submit a status report and proposed briefing schedule. The government has conferred with counsel for the defendant, Derek Cooper Gunby, and understands the defendant has no objection to the government's request.

        Respectfully submitted,

        MATTHEW M. GRAVES
        UNITED STATES ATTORNEY

By:    */s/ Kyle M. McWaters*
        Kyle M. McWaters
        Assistant United States Attorney
        D.C. Bar No. 241625
        601 D Street NW
        Washington, DC 20001
        (202) 252-6983
        kyle.mcwaters@usdoj.gov