UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CASE NO. 21-cr-626 (PLF) |
| | : |
| DEREK COOPER GUNBY, | : |
| | : |
| Defendant. | : |

**DEFENDANT GUNBY'S MOTION TO DISMISS §1512 CONVICTION, AND VACATE P.S.R.**

NOW COMES Defendant Derek Cooper Gunby, by counsel, with this Motion to vacate his conviction, PSR, and future sentencing for violating 18 U.S.C. §1512(c)(2).

Counsel has reached out to the United States regarding this issue. In every case the government responds that it wants more time to get guidance from the D.C. Circuit before dismissing the obstruction-of-official-proceeding charges.

Mr. Gunby is one of at least two dozen, and perhaps several hundred, persons whose convictions of violating 18 U.S.C. § 1512(c)(2) have been effectively nullified, at least in principle, by the Supreme Court's decision in Fischer v. United States, 603 U.S. ___, 2024 WL 3208034 (2024).

Gunby submits that his case clearly requires immediate vacating and dismissal of his §1512 conviction.

**Background**

Gunby was convicted in the District of D.C. of five (5) criminal counts relating to events at the U.S. Capitol on January 6, 2021. All but the one count were misdemeanors.

With regard to Gunby's D.C. §1512 conviction, Gunby's issues involve the identical questions which were on review by the Supreme Court in United States v. Fischer, 64 F.4th 329 (D.C. Cir. 2023). Gunby was convicted of four misdemeanors, plus the serious felony conviction for Obstructing an Official Proceeding in violation of 18 U.S.C. § 1512(c)(2).

The Statement of the Offense filed by the United States, and the trial, were silent about any act involving records, documents, objects, or other things used in an official proceeding. And nothing presented at trial in Gunby's case involved records, documents, objects or other such things.

On June 28, 2024, the Supreme Court ruled that section 1512(c)(2) is violated only when the government proves "that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or . . . other things used in the proceeding, or attempted to do so." Fischer v. United States, 603 U.S. ___, 2024 WL 3208034 (2024).

**The Supreme Court's Fischer decision requires overturning, vacating, and setting aside of Gunby's conviction.**

On June 28, 2024, the Supreme Court held that a violation of that statute requires proof "that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or . . . other things used in the proceeding, or attempted to do so." Fischer v. United States, 603 U.S. ___, 2024 WL 3208034 (2024). At the time of Mr. Gunby's trial and sentence, this Court and most other judges had rejected this interpretation of the statute. No such impairment was charged in the indictment, mentioned in the criminal complaint, or established by Mr. Gunby's statement of offense or trial. Accordingly, his conviction lacks any basis in fact and must be vacated.

The Court should set side Mr. Gunby's §1512 conviction in this case. Mr. Gunby is actually innocent of violating section 1512(c)(2) as the Supreme Court interpreted the status in Fischer. See Bousley v. United States, 523 U.S. 614, 622 (1998)(recognizing actual innocence as a basis for relief). The government put forward in its complaint, its trial evidence, its sentencing memorandum, and factual statement the worst evidence of Mr. Gunby's conduct on January 6, including all his words and actions. None of those word or actions show any effort by Mr. Gunby, personally or complicity, to "impair[] the availability or integrity for use in an official proceeding of records, documents, objects, or . . . other things

used in the proceeding," as required under Fischer. Consequently, the Court should vacate his sentence.

**Gunby's jury instructions were unconstitutional in light of *Fischer*.**

Additionally, the jury instructions used in Gunby's trial were unconstitutional in light of Fischer. Essentially, the Supreme Court added one or more elements which are necessary for any 1512(c)(2) charge. Thus, even if the government had any notion that it could sustain a 1512 case against Gunby, another grand jury would need to be formed and Gunby would need to be reindicted, recharged, and retried.

**Conclusion.**

For the reasons stated above, Mr. Gunby respectfully asks the Court to vacate his conviction under 28 U.S.C. § 2255.

| | |
|---|---|
| **Dated: July 30, 24** | **Respectfully Submitted,** |
| | /s/ *John M. Pierce* |
| | John M. Pierce |
| | 21550 Oxnard Street |
| | 3rd Floor, PMB #172 |
| | Woodland Hills, CA 91367 |
| | Tel: (213) 400-0725 |
| | Email: jpierce@johnpiercelaw.com |
| | *Attorney for Defendant* |

**CERTIFICATE OF SERVICE**

I, John M. Pierce, hereby certify that on this day, July 30, 24, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

<u>**/s/ John M. Pierce**</u>
**John M. Pierce**