UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 21-cr-626 (PLF) |
| | : | |
| DEREK COOPER GUNBY, | : | |
| | : | |
| Defendant. | : | |

MOTION TO DISMISS COUNT ONE
OF SUPERSEDING INDICTMENT

The United States of America, by and through undersigned counsel, respectfully moves this Court, pursuant to Federal Rule of Criminal Procedure 48(a), to dismiss Count One of the Superseding Indictment (ECF No. 69), charging the defendant with Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. § 1512(c)(2) and 2. The government makes this motion in the interest of justice and in order to clarify and simplify the issues to be resolved at the defendant's sentencing hearing.[1]

The government further asserts that the dismissal of Count One does not require any additional delay in the sentencing hearing. The analysis of the Sentencing Guidelines, including the grouping analysis for multiple counts, will only be simplified without the conviction

---

[1] Additionally, the Government notes that, on July 30, 2024, defense submitted a "Motion To Dismiss §1512 Conviction[ ] And Vacate P.S.R." (ECF No. 128) which "ask[ed] the Court to vacate [defendant Gunby's] conviction under 28 U.S.C. § 2255." Section 2255 states that "[a] prisoner in custody under sentence of a court established by Act of Congress… may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a); *see also United States v. Edwards*, No. 21-3062, 2022 WL 1769144, at *1 (D.C. Cir. June 1, 2022) ("a litigant 'must file a motion under 28 U.S.C. § 2255 in 'the court which imposed the sentence to vacate, set aside or correct the sentence.'") (quoting *Day v. Trump*, 860 F.3d 686, 691 (D.C. Cir. 2017)). Defendant Gunby is not "in custody under sentence of a court," as he has not yet been sentenced by the Court for his crimes. Accordingly, his motion to vacate under Section 2255 is procedurally deficient. However, since the government is moving to dismiss Count One as noted above, in any event, defendant's procedurally improper motion is moot.

on Count One.  The nature of the conduct has not changed, and the arguments under 18 U.S.C. § 3553(a) remain the same.  In the interests of justice, to bring finality to a case that has been pending since June 2021, and for which the sentencing has already been continued once before (*see* 1/18/2024 Minute Order vacating March 1, 2024 sentencing date), the government submits that a virtual or in-person status hearing with the parties should be scheduled during which the parties can choose a reasonably soon sentencing date that works for the Court's schedule.

                        Respectfully submitted,

                        MATTHEW M. GRAVES
                        United States Attorney
                        D.C. Bar No. 481052

By:    */s/ Kyle M. McWaters*
        Kyle M. McWaters
        Assistant United States Attorney
        D.C. Bar No. 241625
        601 D Street NW
        Washington, DC 20001
        (202) 252-6983
        kyle.mcwaters@usdoj.gov

        */s/ Shanai Watson*
        Shanai Watson
        Trial Attorney / Detailee
        New York Bar Reg. No. 5003165
        Department of Justice
        1301 New York Ave. N.W.,
        Washington, DC 20005
        (202) 616-0245
        shanai.watson@usdoj.gov

        */s/ Samuel White*
        Samuel White
        Assistant United States Attorney
        601 D Street NW
        Washington, DC 20530
        (202) 431-4453
        samuel.white@usdoj.gov