UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 21-cr-626 (PLF) |
| v. : | |
| : | |
| DEREK COOPER GUNBY, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION TO APPEAR REMOTELY**

The government opposes Mr. Gunby's motion convert the sentencing hearing to a "Zoom" meeting. ECF No. 134. Fed. R. Crim. P 43 governs a defendant's appearance in court and states, in relevant part, that "[A] defendant must be present at . . . sentencing." Fed. R. Crim. P 43(a)(3). While Rule 43(b)(2) does allow for sentencing in misdemeanor cases to proceed via video teleconference, Mr. Gunby was initially convicted at trial by a jury of a serious felony offense. The government has since dismissed that charge pursuant to the Supreme Court's *Fischer* decision, ECF No. 129, which this Court granted, ECF No. 132. However, the seriousness of Mr. Gunby's actions on January 6 merit an in-person hearing. Indeed, the Committee Note to the 2011 Amendment that modified Rule 43(b)(2) to allow for sentencing a misdemeanor defendant via video conference states that "[t]he Committee recognized the intangible benefits and impact of requiring a defendant to appear before a federal judicial officer in a federal courtroom, and what is lost when virtual presence is substituted for actual presence. These concerns are particularly heightened when a defendant is not present for the determination of guilt and sentencing." Fed. R. Crim. P. 43, Committee N. – 2011 Am.

While the Rules do allow for Mr. Gunby to attend the sentencing hearing virtually, the government argues, in accordance with guidance from the Committee Notes cited above and in

light of the seriousness of the defendant's actions, that an in-person hearing is warranted. Additionally, the government has requested that Mr. Gunby serve a sentence of incarceration as a result of his actions and finding of guilt. Mr. Gunby's request for this hearing to proceed virtually appears to be, mainly, that it would inconvenience him to attend. However, that is not grounds for this Court to grant the defendant's request. Because the seriousness of Mr. Gunby's criminal action on January 6 merit an in-person hearing, the government opposes the defendant's motion and asks this Court to keep the in-person hearing set for December 17, 2024.

                                      Respectfully submitted,

                                      MATTHEW M. GRAVES
                                      UNITED STATES ATTORNEY
                                      DC Bar No. 481052

By:    /s/ *Kyle M. McWaters*
           Kyle M. McWaters
           D.C. Bar No. 241625
           Assistant United States Attorney
           601 D Street NW
           Washington, DC 20530
           (202) 252-6983
           kyle.mcwaters@usdoj.gov