UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : CASE NO. 21-cr-626 (PLF) |
| | : |
| DEREK COOPER GUNBY, | : |
| | : |
| Defendant. | : |

**DEFENDANT GUNBY'S SENTENCING MEMORANDUM**

**DEFENDANT WEBB'S SENTENCING MEMORANDUM AND RESPONSE TO GOVERNMENT'S SENTENCING MEMORANDUM**

1. Defendant Derek C. Gunby ("Gunby") by undersigned counsel, hereby submits to the Court his Sentencing Memorandum. **Defendant respectfully requests a sentence of one (1) year probation, no fine, and no restitution.** Gunby is a decorated military veteran, a provider for retired elderly parents who he has a close relationship with, and a manager at his local country club. He has no criminal history. Probation has long been the presumed sentence for a first-time misdemeanant.[1]

---

[1] Research shows a "weak relationship between incarceration and crime reduction, and highlights proven strategies for improving public safety that are more effective and less expensive than incarceration." The best way to promote public safety and ensure that convicted persons can lead law-abiding lives is through broad use of non-incarceration sentences, especially since "incarceration does little to change a person's behavior." 18 U.S.C. § 3553(a)(2)(D). Vera Institute of Justice, Overview of The

2. Further, Gunby plainly qualifies for the zero-point offender credit, as discussed in the presentence report, because he has no criminal history points, has never used violence or threats against anyone, and is being charged as a first-time offender. Other than this proceeding, Gunby has had no other criminal conduct, no other pending charges, and no other arrests.

3. The government's proposed scoring of disorderly conduct as a ten-point base offense level is preposterous, under any plain reading of the USSG, legal definitions, or any other guiding principle of law. Disorderly conduct should be scored as a <u>two-point</u> base-offense, consistent with creating a public nuisance, disturbing the peace, or other minor crimes. Disorderly conduct is <u>not</u> 'impeding' or 'obstructing officers,' as suggested by the government (and, unfortunately the U.S. Probation office).

## Introduction and Overview

Defendant Derek Gunby was charged by information with: (Count 1) Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18

---

Prison Paradox: More Incarceration Will Not Make Us Safer (July 2017), https://www.vera.org/publications/for-the- record-prison-paradox-incarceration-not-safer

USC §§ 1512(c)(2) and 2 (Count 2) Entering and Remaining in a Restricted Building, in violation of 18 U.S.C. § 1752(a)(1); (Count 3) Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2); (Count 4) Violent Entry and Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); and (Count 5) Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G). *See* Information. On November 13, 2023, the defendant was found guilty by jury trial of all five counts of a five-count Superseding Indictment. In light of the Supreme Court's decision in *Fischer v. United States*, 144 S. Ct. 2176 (2024), the Court vacated defendant Gunby's conviction on Count One of the Superseding Indictment on August 28, 2024.

## I. Sentencing Requested by Defendant

**Defendant respectfully requests a sentence of one (1) year probation, no fine, and no restitution**. Gunby is working full-time as a manager at his local country club and has a strong relationship with parents, one of whom that he is the primary caretaker of. (His father has been unable to walk since undergoing a hip replacement surgery). Prior to his current job, he worked for the Army, where he was honorably discharged in 2012 after serving for 10 years in multiple overseas deployments, and was a contractor for a telecommunications company.

Gunby has already essentially served three and a half years of supervised pretrial release successfully. Per the Pretrial Services Report, he has consistently tested negative on drug screens and has not abused alcohol or any illicit substances. He is a very patriotic, respectful veteran who went to Capitol, and posted his activities before and after January 6 on social media to support the cause. There was no violence and no property destruction. The ordeal ever since has been taxing on the family. Gunby has not had any contact with his son since 2021, has not been able to commit to a serious relationship, and has lived in fear of his sentencing and punishment for more than three years. Through it all, he has continued to work hard at his job while having zero substance abuse issues, disorderly conduct issues, or associations with any groups that could raise any suspicion with the federal authorities. Finally, it should be noted that Gunby has been living in fear and anguish of the lengthy prison sentence that a § 1512 might have required. It was only earlier this year that *Fischer* was decided and the conviction vacated. A lengthy prison sentence would have meant Gunby would have to deal with being absent for the remaining active years of his parents' lives.

## II. The Government's Proposed Sentence is Unreasonable

The government's proposed sentencing of any amount of incarceration, any amount of probation in excess of one year, and $500 in restitution is unreasonable. Parading, demonstrating, and picketing should be scored as a two-point base

offense, consistent with creating a public nuisance, disturbing the peace, or other minor crimes.

Additionally, Gunby has articulated remorse and accepted responsibility for his involvement with the events on January 6, even as he asserted his right to a trial by jury. His actions at the Capitol were that of one mere protestor attempting to assert his First Amendment rights.

### III. Alternatives to Incarceration are Important Mechanisms to Promote Public Safety and Meet the Purposes of Sentencing

Encouraging alternatives to incarceration for "first offenders" and other individuals who need not be incapacitated to protect the public is a critically important goal of the guidelines. The best way to promote public safety and ensure that convicted persons can lead law-abiding lives is through broad use of non-incarceration sentences, especially since "incarceration does little to change a person's behavior." The study by the Superior Court of the District of Columbia said it best: the handling of cases involving offenses such as … disorderly conduct has done little to change the behavior of offenders, make streets safer, or enhance the quality of life in communities.[2]

### IV. Restitution is Inapplicable

---

[2] DC Misdemeanor and Traffic Community Court, Program Manual of Policies and Procedures (April 2007), https://www.dccourts.gov/sites/default/files/pdf-forms/DCMTCCPoliciesProcedures.pdf.

Gunby himself caused no property destruction nor contributed nor aided or abetted any property destruction. Merely seeing property destruction is insufficient for an assessment of restitution.

## CONCLUSION

For the foregoing reasons, the Defendant urges the Court to consider a sentence commensurate with the crime: a one-year probation. Such a sentence promotes respect for the law, deters future crime by imposing consequences on Gunby's liberty and criminal record, and prevents unnecessary hardship on Gunby, his family, and his parents moving forward. It is also an appropriate sentence for someone convicted solely of misdemeanors. Gunby has accepted fully accepted the ramifications of his presence in the Capitol on January 6, and has already cooperated fully with the authorities and his pretrial supervising officer.

Dated: December 4, 2024                             Respectfully Submitted,

/s/ *John M. Pierce*
John M. Pierce
21550 Oxnard Street
3rd Floor, PMB #172
Woodland Hills, CA 91367
Tel: (213) 400-0725
Email: jpierce@johnpiercelaw.com

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I, John M. Pierce, hereby certify that on this day, December 4, 2023, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

*/s/ John M. Pierce*
John M. Pierce